# IN THE UNITED STATES DISTRICT COURT
## NOTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **WILLIAM CASTILL** | : | |
| Plaintiff, | : | **CIVIL ACTION NO. 3:20-cv-1690** |
| v. | : | **JUDGE** |
| **JAC PRODUCTS, INC.**, | : | **MAGISTRATE JUDGE** |
| c/o CT Corporation System Suite 125 Columbus, Ohio 43219 | : | **JURY DEMAND ENDORSED HEREON** |
| Defendant. | : | |

Now comes Plaintiff, William Castill ("Plaintiff" or "Castill") for his complaint against Defendant, JAC Products, Inc. ("Defendant" or "JAC") who, based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others, hereby states as follows:

## I. JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 for violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq*. Plaintiff brings this action to obtain relief provided in the FMLA as a result of retaliation and interference, resulting in loss of wages, compensation, and benefits.

2. Venue is proper in this forum pursuant to 28 U.S.C. § 1391, because the Plaintiff entered into an employment relationship with Defendant in Henry County, Ohio, which is in the Northern District of Ohio; a substantial part of the events or omission giving rise to the claim occurred in the Northern District of Ohio; and Defendant has conducted substantial business in the Northern District of Ohio, to wit, at 620 Independence Drive, Napoleon, Ohio 43545.

## II. PARTIES

3. Plaintiff is an individual and resident of Henry County, Ohio. Plaintiff brings this action to redress injuries committed against him as a result of Defendant's actions.

4. At all times relevant herein, Plaintiff was an "eligible employee" as defined in the FMLA in that he was employed by Defendant for at least twelve (12) months and for at least 1,250 hours of service during the twelve (12) months before he sought FMLA leave from Defendant.

5. Defendant is a foreign corporation authorized to do business in Ohio, conducts business in the Northern District of Ohio, and has its principal place of business in the Northern District of Ohio located at 620 Independence Drive, Napoleon, Ohio 43545.

6. During relevant times, Defendant maintained control, oversight, and direction over Plaintiff, including the promulgation and enforcement of policies affecting FMLA medical leave and other matters relevant to this action.

7. At all times material herein, Defendant was an "employer" of Plaintiff as defined by the FMLA.

## III. STATEMENT OF FACTS

8. Plaintiff was employed by Defendant as a forklift operator from approximately February 2019 until May 2020.

9. On or about January 24, 2020, Plaintiff suffered from an Acute Ischemic Stroke ("stroke") that resulted in his hospitalization until January 28, 2020.

10. After being released from the hospital, Plaintiff went on FMLA medical leave and continued treatment with his stroke coordinator.

11. Plaintiff kept in regular contact with Defendant regarding his health status and held regular meetings with Defendant's HR representatives regarding his employment and return from FMLA medical leave.

12. Defendant's HR representatives assured Plaintiff that his job was not in jeopardy and told him to focus on his health.

13. On or about February 12, 2020, Plaintiff informed Defendant that he had attended a medical appointment and that he was not medically cleared to return to work, but that it was his intention to return to work once he was medically cleared to do so.

14. On March 16, 2020, Plaintiff was medically cleared to return to work with no restrictions, and he informed Defendant of the same. Defendant then informed Plaintiff that the plant was on a shutdown due to the COVID-19 pandemic and they would let him know when he could return.

15. Plaintiff received his FMLA paperwork on or about March 17, 2020.

16. On March 24, 2020, Plaintiff's treating physician successfully delivered a release to work letter for Plaintiff to Defendant. That same day, Defendant instructed Plaintiff to submit his FMLA paperwork when he returned to work after the COVID-19 shutdown.

17. Plaintiff continued to communicate with Defendant from March 24, 2020 until May 21, 2020 regarding his employment and return date for work.

18. On May 21, 2020, Defendant informed Plaintiff that his position had been given to another employee. Defendant falsely claimed that it had not been notified that Plaintiff was medically cleared to return to work.

19. That same day, May 21, 2020, Plaintiff's treating physician sent the release to work letter to Defendant <u>for the second time</u> and left multiple voicemails for two of Defendant's HR representatives with no response.

20. On May 27, 2020, Defendant informed Plaintiff they were terminating Plaintiff's employment effective May 21, 2020, and that they deemed Plaintiff to have quit his employment on that day.

21. Defendant's proffered reason for terminating Plaintiff was merely pretext. Defendant was provided Plaintiff's return to work paperwork by his physician on numerous occasions. Moreover, Plaintiff regularly communicated with Defendant's HR representatives, including informing them that he was cleared to return to work in March 2020.

22. Defendant retaliated against Plaintiff for taking medical leave, or otherwise interfered with his ability to take medical leave, pursuant to the FMLA.

### IV. CAUSES OF ACTION

**FIRST CAUSE OF ACTION**
**29 U.S.C. § 2615, *et seq.* - FMLA Interference with Rights and Retaliation**

23. All of the preceding paragraphs are realleged as if fully rewritten herein.

24. At all times relevant, Plaintiff was an "eligible employee" as defined by 29 U.S.C. § 2611(2).

25. At all times relevant, Defendant is an "employer[s]" as defined by 29 U.S.C. § 2611(4)(A).

26. Plaintiff's request for, and use of, FMLA leave beginning January 24, 2020 and ending March 16, 2020 was for a "serious health condition" as defined by 29 U.S.C. § 2611(11)(B).

27. On March 16, 2020, Plaintiff was medically cleared to work without any restrictions. Plaintiff informed Defendant that he could return to work. Thereafter, Plaintiff's physician sent his return to work paperwork to Defendant on numerous occasions.

28. On May 21, 2020, Defendant informed Plaintiff that his position had been given to another employee.

29. On May 27, 2020, Defendant notified Plaintiff that his employment with Defendant was terminated effective May 21, 2020.

30. Pursuant to 29 U.S.C. § 2615(a)(1), it is unlawful for an employer to interfere with an employee's right to exercise FMLA leave. An employer is also prohibited from discriminating or retaliating against an employee who exercises a right under the FMLA. *See* 29 U.S.C. § 2615(a)(2).

31. Defendant has willfully and/or recklessly retaliated against, interfered with, restrained, and/or denied Plaintiff's rights in violation of the FMLA, by (1) not allowing him to exercise FMLA leave; (2) terminating Plaintiff in retaliation for exercising his rights to use FMLA medical leave, or otherwise terminating Plaintiff to interfere with his future FMLA rights; and/or (3) refusing to restore Plaintiff to the same job or to an equivalent job.

32. As a result of Defendant's interference and retaliation, Plaintiff was harmed in the fact that he was unlawfully terminated while exercising his FMLA rights, denied benefits to which he is entitled under the FMLA, and he was not restored to his prior job or equivalent job.

33. Defendant lacked good faith to believe it had not violated the FMLA in its actions.

34. As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages, including but not limited to lost wages and benefits as well as time and money in endeavoring to protect himself from Defendant, comprised of costs and attorneys' fees in accordance with 29 U.S.C. § 2617(a).

### V. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands back pay and benefits, front pay and benefits, and additional damages to be determined at trial, including but not limited to statutory damages,

compensatory damages, liquidated damages, punitive damages, pre-judgment interest, post-judgment interest, costs, attorneys' fees, and all other relief the Court deems just and appropriate.

Respectfully submitted,

**COFFMAN LEGAL, LLC**

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
Adam C. Gedling (0085256)
1550 Old Henderson Road
Suite 126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff requests a trial by a jury of eight (8) persons.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)